**Robert B. Miller, OSB No. 960068**
bobmiller@kilmerlaw.com
**Candice R. Broock, OSB No. 025200**
cbroock@kilmerlaw.com
KILMER, VOORHEES & LAURICK, P.C.
732 N.W. 19th Avenue
Portland, Oregon 97209-1302
Telephone: (503) 224-0055
Fax: (503) 222-5290

Attorneys for Defendants
Daimler North American Corporation,
Daimler Trucks North America LLC,
Gable Hofman and Karla Steffenson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| RONALD MALCOMSON, an individual,<br><br>      Plaintiff,<br><br>  v.<br><br>DAIMLER NORTH AMERICAN CORPORATION, a Delaware corporation; DAIMLER TRUCKS NORTH AMERICA LLC, a Delaware limited liability company; CONCENTRA HEALTH SERVICES, INC., a Texas corporation; GABLE HOFMAN, an individual; KARLA STEFFENSON, an individual; and JOHN DOES (#1-10), individuals,<br><br>      Defendants. | Case No. 3:15-cv-02407-SB<br><br>DEFENDANTS DAIMLER NORTH AMERICAN CORPORATION, DAIMLER TRUCKS NORTH AMERICA LLC, GABLE HOFMAN AND KARLA STEFFENSON'S FRCP 21 MOTIONS AGAINST PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>***Oral Argument Requested*** |

## LR 7-1(a) CERTIFICATION

Counsel for Defendants Daimler North American Corporation ("Daimler Corp."),

Daimler Trucks North America LLC ("Daimler Trucks"), Gable Hofman ("Hofman") and Karla

Steffenson ("Steffenson") (collectively the "Daimler Defendants") certifies that he conferred

with counsel for Plaintiff regarding the substance of these Motions, but the parties could not

reach an agreement.

Page 1 – DEFENDANTS DAIMLER NORTH AMERICAN CORPORATION, DAIMLER TRUCKS NORTH AMERICA LLC, GABLE HOFMAN AND KARLA STEFFENSON'S FRCP 21 MOTIONS AGAINST PLAINTIFF'S FIRST AMENDED COMPLAINT

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

## SUMMARY OF MOTIONS

*Motion 1*:  The Daimler Defendants move to dismiss Plaintiff's statutory claims pursuant to ORS Chapter 659A (Counts 1, 2 and 4) with prejudice for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), because Plaintiff cannot allege the Daimler Defendants were his employer.

*Motion 2*:  The Daimler Defendants move to dismiss Plaintiff's wrongful discharge claim (Count 3) with prejudice for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), because the statute provides Plaintiff with an adequate remedy at law, which precludes his common law wrongful discharge claim.

*Motion 3*:  The Daimler Defendants move to dismiss Plaintiff's intentional interference claims (Count 5) for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), because Plaintiff has failed to sufficiently allege the Daimler Defendants interfered with Plaintiff's relationship through improper means or for improper motive.

*Motion 4*:  If the Court (1) finds Plaintiff can maintain claims against the Daimler Defendants as Plaintiff's employer and (2) fails to dismiss Plaintiff's intentional interference claim pursuant to Motion 3, the Daimler Defendants move to dismiss Plaintiff's intentional interference claims (Count 5) for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), because Plaintiff has failed to sufficiently allege the Daimler Defendants were third parties who interfered with Plaintiff's economic relationship.

In support of this Motion, the Daimler Defendants rely upon the First Amended Complaint ("Complaint") and the supporting memorandum of law filed concurrently herewith.

## SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that he was hired by Defendant Concentra to provide health care services to employees of Daimler Corp. and Daimler Trucks (collectively "Daimler") under a contract for medical care between Daimler and Concentra.  Complaint, ¶¶ 9-10.  Plaintiff does not allege he was an employee of Daimler.  Plaintiff alleges "Daimler's workers' medical treatment and

Page 2 —    DEFENDANTS DAIMLER NORTH AMERICAN CORPORATION,
DAIMLER TRUCKS NORTH AMERICA LLC, GABLE HOFMAN AND
KARLA STEFFENSON'S FRCP 21 MOTIONS AGAINST PLAINTIFF'S
FIRST AMENDED COMPLAINT

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

referrals were being interfered with by agents of Daimler, namely Ms. Steffenson, in violation of HIPAA and safety regulations and in a discriminatory nature…."  Complaint, ¶¶ 12-14.  Plaintiff alleges he reported such issues to Daimler and Concentra, but received no "meaningful response."  Plaintiff alleges he made a report to the Daimler ethics hotline and the Federal Office of Civil Rights Department of Health regarding these same issues.  Complaint, ¶¶ 15-17. Plaintiff alleges "[a]s expressly commanded by Daimler Trucks, Steffenson, Hofman and/or John Doe, Concentra terminated Plaintiff on or about November 21, 2014."  Complaint, ¶ 16.

In addition to claims for common law wrongful termination (Third Claim) and intentional interference (Fifth Claim), Plaintiff brought three claims against the Daimler Defendants[1] under the following statutes:

- ORS 659.199 (First Claim):  "It is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation."

- ORS 659A.030(1)(f) (Second Claim): It is an unlawful employment practice "[f]or any person to discharge, expel or otherwise discriminate against any other person because that other person has opposed any unlawful practice, or because that other person has filed a complaint, testified or assisted in any proceeding under this chapter or has attempted to do so."

- ORS 659A.030(1)(g) (Fourth Claim): It is an unlawful employment practice "[f]or any person, whether an employer or an employee, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter or to attempt to do so."

_____

[1] It is unclear from Plaintiff's Complaint against whom Plaintiff is making his various claims. For the purpose of these Motions, the Daimler Defendants will assume that Plaintiff intended for Daimler Corp., Daimler Trucks, Hofman and Steffenson to be included in all claims.

Page 3 –    DEFENDANTS DAIMLER NORTH AMERICAN CORPORATION, DAIMLER TRUCKS NORTH AMERICA LLC, GABLE HOFMAN AND KARLA STEFFENSON'S FRCP 21 MOTIONS AGAINST PLAINTIFF'S FIRST AMENDED COMPLAINT

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · Fax (503) 222-5290

## STANDARD OF REVIEW

In evaluating a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept the allegations of material fact as true, and must construe those allegations in the light most favorable to the non-moving party. *Parks Sch. of Bus. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995). However, the court need not accept any legal conclusions set forth in a plaintiff's pleading. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts to state a claim for relief "that is plausible on its face." *Id. (quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The court must determine whether the plaintiff has made factual allegations that are "enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 545. Dismissal under Rule 12(b)(6) is proper only where there is no cognizable legal theory to support the claim or when there is an absence of sufficient factual allegations to support a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.,* 622 F.3d 1035, 1041 (9th Cir. 2010).

## ARGUMENTS

**Motion 1**: **Plaintiff's statutory claims pursuant to ORS Chapter 659A against the Daimler Defendants should be dismissed with prejudice for failure to state a claim upon which relief can be granted because Plaintiff cannot allege the Daimler Defendants were his employer.**

Plaintiff's claims pursuant to ORS Chapter 659A require a claim against Plaintiff's employer or his employer's employee. Plaintiff cannot allege that any of the Daimler Defendants is his employer or an employee of his employer and, therefore, his statutory claims brought pursuant to ORS Chapter 659A should be dismissed with prejudice. In order to make a claim under ORS 659A.199, Plaintiff must allege an action by his employer. ORS 659A.199. To make a claim under ORS 659A.030(1)(f) and ORS 659A.030(1)(g) Plaintiff must allege wrongdoing by either his employer or employee of his employer. *See Larmanger v. Kaiser Found. Health Plan of Nw.*, 805 F. Supp. 2d 1050 (D. Or. 2011) (court dismissed claims under ORS 659A.030(1)(g) against third-parties because, as a matter of law, that statute applies only to

Page 4 —   DEFENDANTS DAIMLER NORTH AMERICAN CORPORATION,
DAIMLER TRUCKS NORTH AMERICA LLC, GABLE HOFMAN AND
KARLA STEFFENSON'S FRCP 21 MOTIONS AGAINST PLAINTIFF'S
FIRST AMENDED COMPLAINT

KILMER VOORHEES & LAURICK,P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19th AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

employers and employees); *see also Demont v. Starbucks Corp.*, 2010 WL 5173314, at *8
(D. Or. Aug. 26, 2010) *report and recommendation rejected in part on other grounds,* 2010
WL 5173304 (D. Or. Dec. 15, 2010) (ORS 659.030(1)(f) applies to both employers and
employees).

  Plaintiff cannot allege the Daimler Defendants were his employers because he has alleged
Concentra was his employer and Oregon does not recognize "joint employer" or "indirect"
liability under ORS Chapter 659A. *Ford-Torres v. Cascade Valley Telecom, Inc.*, 374 F. App'x
698, 700 (9th Cir. 2010) (citing *Boothby v. D.R. Johnson Lumber Co.,* 184 Or. App. 138, 143-44,
55 P.3d 1113 (2002) (indirect employer) and *Liberty Nw. Ins. Corp. v. McDonald,* 187 Or. App.
40, 66 P.3d 528 (2003) (joint employer)).  Recently, a Multnomah County judge concurred with
the Ninth Circuit's conclusion that neither "joint employer" nor "indirect employer" applies to
the statutory claims asserted in this case.  *See Radhika Breaden, M.D., M.P.H. v. Kaiser
Foundation Health Plan of the Northwest*, 2015 WL 9254617 (Or. Cir. Sept. 14, 2015).
In *Breaden*, Judge You stated:

> However, plaintiff cites only federal cases in support of each of [the indirect
> employer and joint employer] discrimination theories.  A search of Oregon case
> law reveals that the indirect employer theory exists only in the context of
> Employer Liability Law claims.  *See, e.g., Boothby v. D.R. Johnson Lumber Co.*,
> 184 Or App 138 (2002); *Brown v. Boise-Cascade Corp.*, 150 Or App 391 (1997).
> The joint employer theory appears to exist only in the context of workers
> compensation claims, *see Liberty Northwest Ins. Corp. v. McDonald,* 187 Or App
> 40 (2003), and tort immunity.  *See Senger v. Risberg's Truck Line*, 54 Or App 752
> (1981)…. In sum, plaintiff's alternative theories are unsupported by Oregon law.

*Id.* at * 2.

  Plaintiff has not and cannot allege the Daimler Defendants were his employer because
that would make them a joint or indirect employer with Concentra, a theory that is not supported
by Oregon law.  Action by an *employer* is necessary for each of Plaintiff's statutory claims and
without such allegations Plaintiff's First, Second, and Fourth Claims against the Daimler
Defendants should be dismissed.

Page 5 – DEFENDANTS DAIMLER NORTH AMERICAN CORPORATION,
DAIMLER TRUCKS NORTH AMERICA LLC, GABLE HOFMAN AND
KARLA STEFFENSON'S FRCP 21 MOTIONS AGAINST PLAINTIFF'S
FIRST AMENDED COMPLAINT

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

All three claims should be dismissed with prejudice without leave to amend because the Daimler Defendants' non-employer status cannot be cured by amendment. *See Balsam v. Tucows, Inc.*, 627 F.3d 1158, 1163 n. 3 (9th Cir. 2010).

**Motion 2: Plaintiff's wrongful discharge claim should be dismissed with prejudice for failure to state claim upon which relief can be granted because the statute provides Plaintiff with an adequate remedy at law, which precludes his common law wrongful discharge claim.**

Plaintiff's claim for wrongful discharge should be dismissed because he has an adequate remedy under ORS Chapter 659A. The tort of wrongful discharge is not a tort of general application and is intended only to provide a remedy when the conduct in question is unacceptable and no other remedy is available. *See Reid v. Evergreen Aviation Ground Logistics Enterprises Inc.*, 2009 WL 136019, at *21 (D. Or. Jan. 20, 2009); *see also Shaw v. Action Fin. Servs., LLC*, 2014 WL 4404961, at *3 (D. Or. Sept. 5, 2014).[2] Plaintiff cannot pursue a claim for common law wrongful discharge if "(1) an existing remedy adequately protects the public interest in question, *or* (2) the legislature has intentionally abrogated the common law remedies by establishing an exclusive remedy regardless whether the courts perceive that remedy to be adequate." *Shaw*, 2014 WL 4404961, * 3 (citing *Draper v. Astoria Sch. Dist. No. 1C*, 995 F. Supp. 1122, 1131 (D. Or. 1998), *abrogated on other grounds by Rabkin v. Oregon Health Scis. Univ.*, 350 F.3d 967 (9th Cir. 2003) and *Walsh v. Consol. Freightways, Inc.*, 278 Or. 347, 353, 563 P.2d 1205 (1977)).

Plaintiff's claim under ORS 659A.199 for retaliation precludes a common law wrongful discharge claim based on the same conduct. *Shaw,* 2014 WL 4404961, * 3. Similarly, ORS 659A.030 provides Plaintiff with an adequate remedy for discrimination. *Id., (*citing *Thomas v. City of Beaverton,* 379 F.3d 802 (9th Cir. 2004)). Thus, Plaintiff's claims under

---

[2] While *Reid* and *Shaw* are unpublished opinions, these cases thoroughly review the history of state common law for claims, explain the relationship of the conflicting opinions between the Oregon Supreme Court and Court of Appeals, and summarize the District Court's application of Oregon law for wrongful discharge.

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

ORS 659A.030 precludes a common law wrongful discharge claim based on the same conduct. *Id.*

For actions alleging violations of ORS 659A.030 and ORS 659A.199, the court may award equitable relief, compensatory damages, and punitive damages. *Stensland v. City of Wilsonville*, 2011 WL 6257090, at *14 (D. Or. Dec. 14, 2011) (citing ORS 659A.885(1) and 3(a)). These are the same remedies available for the tort of wrongful discharge. *Id.* (citing *Ryan v. HSC Real Estate*, 2010 WL 3222443, at *3 (D. Or. Aug. 11, 2010)). The standard of proof (preponderance of the evidence) also is the same under both the statutory and the common-law claim. *Id.*

Plaintiff has an adequate remedy at law and his wrongful discharge claim should be dismissed. The claims should be dismissed with prejudice without leave to amend because the adequacy of the remedy under the statute cannot be cured by amendment. *See Balsam*, 627 F.3d at 1163 n. 3 (9th Cir. 2010).

**Motion 3: Plaintiff's intentional interference claims should be dismissed for failure to state claim upon which relief can be granted because Plaintiff has failed to sufficiently allege the Daimler Defendants interfered with Plaintiff's relationship through improper means or for improper motive.**

Plaintiff has failed to sufficiently allege the Daimler Defendants interfered with his relationship with Concentra through improper means or for an improper purpose. Plaintiff alleges the following:

> The means through which Defendants interfered were improper as they **unlawfully retaliated** against Plaintiff and the actions were taken solely for the improper motive and purpose of **harming Plaintiff's employment relationship** with Defendant Concentra with the intent to specifically inflict injury upon Plaintiff.

Complaint, ¶ 51 (emphasis added). This is Plaintiff's sole allegation in support of both his claim for Intentional Interference with Contractual and Economic Relations (Fifth Claim, Count I) and Intentional Interference with Prospective Economic Relations (Fifth Claim, Count II).

In order to state a claim for intentional interference with economic relations, a plaintiff must plead: 1) the existence of a present or prospective business or professional relationship; 2) a third party's intentional interference with that relationship; 3) which is accomplished through improper means or for an improper purpose; 4) a causal relationship between the interference and the damage to the relationship, and 5) resulting damages. *McIntire v. Sage Software, Inc.*, 2015 WL 9274301, at *2 (D. Or. Sept. 28, 2015) *report and recommendation adopted,* 2015 WL 9272884 (D. Or. Dec. 17, 2015) (citing *McGanty v. Staudenraus,* 321 Or. 532, 535, 901 P.2d 841 (1995). If a defendant's liability allegedly arises from improper means, "then the means must violate some objective, identifiable standard, such as a statute or other regulation, or a recognized rule of common law, or, perhaps, an established standard of a trade or profession." *Id.* (citing *NW Natural Gas Co. v. Chase Gardens, Inc.,* 328 Or. 487, 498, 982 P.2d 1117 (1999)).

Plaintiff's allegation of improper means (*i.e.*, unlawful retaliation) is prefaced on the argument that Defendants' liability stems from violations of ORS Chapter 659A. As discussed in Motion 1, the statute only applies to employers or employees of those employers. Because the improper means allegation in support of the intentional interference claim is premised on a non-viable statutory claim, Plaintiff has failed to adequately allege facts to support a finding of improper means. *Id.* (citing *Witt Co., v. RISO, Inc.,* 948 F. Supp. 2d 1227 (D. Or. June 7, 2013) (Hernandez, J.) (dismissing an intentional interference claim where alleged antitrust violations furnished the improper means and the antitrust claim had been dismissed); citing also *Noel v. Hall,* 2012 WL 3241858 (D. Or. April 27, 2012) (Acosta, J.) (concluding that improper means necessary for an intentional interference claim could not be furnished by statutory claims that failed as a matter of law)). Adopted by 2012 WL 3241814 (D. Or. Aug. 7, 2012).

Similarly, Plaintiff has failed to sufficiently allege an improper purpose to support his intentional interference claim against the Daimler Defendants. Plaintiff alleges that the Daimler Defendants interfered with his relationship "for the improper motive and purpose of harming

Page 8 –    DEFENDANTS DAIMLER NORTH AMERICAN CORPORATION, DAIMLER TRUCKS NORTH AMERICA LLC, GABLE HOFMAN AND KARLA STEFFENSON'S FRCP 21 MOTIONS AGAINST PLAINTIFF'S FIRST AMENDED COMPLAINT

KILMER VOORHEES & LAURICK,P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · Fax (503) 222-5290

Plaintiff's employment relationship with Defendant Concentra with the intent to specifically inflict injury upon Plaintiff." Complaint, ¶ 51. This allegation is "conclusory, devoid of factual support, and not entitled to the presumption of truth." *See A & B Asphalt, Inc. v. Humbert Asphalt, Inc.,* 2014 WL 3695480, *7–8 (D. Or. May 8, 2014), *adopted by* 2014 WL 3695474 (D. Or. July 24, 2014) (citing *Iqbal*, 556 U.S. at 680-82) (regarding plaintiff's allegation that defendant intentionally interfered with plaintiff's business expectancy); *see also Walchli v. ACMTY. Bank*, 2010 WL 2164874, at *10 (D. Or. Mar. 16, 2010) (Plaintiff's allegation that defendant acted with "deliberate indifference' to plaintiff's interests was conclusory allegation insufficient to support element of improper purpose).

This case is very similar to *Eusterman v. Nw. Permanente, P.C.*, 204 Or. App. 224, 129 P.3d 213 (2006), where a plaintiff doctor's claim for intentional interference was dismissed. *Id.* at 238. In that case, plaintiff was a doctor employed by Northwest and Northwest had a contract to provide medical services to Kaiser. *Id.* at 226. Plaintiff alleged Kaiser interfered with his employment with Northwest because of his exercise of "independent medical judgment regarding diagnoses and treatment and his advocacy of the position that other doctors should be allowed to exercise their medical judgment." *Id.* at 238. Plaintiff argued Kaiser's motives were wrongful because Kaiser's interference was motivated by plaintiff's "protected activity" and "Kaiser wished to increase its profits in ways that were unlawful." *Id.* The court found that plaintiff had not adequately shown improper means, even if Kaiser had urged or insisted plaintiff be fired for his allegedly protected activities, and he failed to show improper motive because the maximization of profits is not improper. *Id.*

Plaintiff has failed to allege either an improper means or improper purpose sufficiently to satisfy *Iqbal* and his claim for intentional interference against the Daimler Defendants should be dismissed.

KILMER VOORHEES & LAURICK,P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · Fax (503) 222-5290

**Motion 4: If the Court finds Plaintiff has sufficiently alleged the Daimler Defendants were Plaintiff's employer and fails to dismiss Plaintiff's intentional interference claims pursuant to Motion 3, Plaintiff's intentional interference claim should be dismissed for failure to state claim upon which relief can be granted because Plaintiff has failed to sufficiently allege the Daimler Defendants were a third party who interfered with Plaintiff's economic relationship.**

To bring a claim for intentional interference with an economic relationship, Plaintiff must allege a third party's intentional interference with that relationship. *McGanty,* 321 Or. at 535. If the Court finds Plaintiff may bring claims against the Daimler Defendants as Plaintiff's employer, the Court should dismiss Plaintiff's intentional interference claim against the Daimler Defendants because Plaintiff can no longer allege the Daimler Defendants were third parties who interfered with an economic relationship.  As Plaintiff's employer, the Daimler Defendants could not be third parties to Plaintiff's employment relationship.

## CONCLUSION

WHEREFORE, for all of the reasons set forth above, the Daimler Defendants respectfully request that the Court dismiss Plaintiff's claims against the Daimler Defendants.

DATED this 3rd day of February, 2016.

KILMER VOORHEES & LAURICK, P.C.


_____*/s/ Robert B. Miller*_____
Robert B. Miller, OSB No. 960068
bobmiller@kilmerlaw.com
Candice R. Broock, OSB No. 025200
cbroock@kilmerlaw.com
Attorneys for Defendants Daimler North American
Corporation, Daimler Trucks North America LLC,
Gable Hofman and Karla Steffenson

I:\10161\0004\Pleadings\MTD.docx

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290