**Robert B. Miller, OSB No. 960068**
bobmiller@kilmerlaw.com
**Candice R. Broock, OSB No. 025200**
cbroock@kilmerlaw.com
KILMER, VOORHEES & LAURICK, P.C.
732 N.W. 19th Avenue
Portland, Oregon 97209-1302
Telephone: (503) 224-0055
Fax: (503) 222-5290

Attorneys for Defendants
Daimler North American Corporation,
Daimler Trucks North America LLC,
Gable Hofman and Karla Steffenson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| RONALD MALCOMSON, an individual,<br><br>      Plaintiff,<br><br>    v.<br><br>DAIMLER NORTH AMERICAN CORPORATION, a Delaware corporation; DAIMLER TRUCKS NORTH AMERICA LLC, a Delaware limited liability company; CONCENTRA HEALTH SERVICES, INC., a Texas corporation; GABLE HOFMAN, an individual; KARLA STEFFENSON, an individual; and JOHN DOES (#1-10), individuals,<br><br>      Defendants. | Case No. 3:15-cv-02407-SB<br><br>DEFENDANTS DAIMLER NORTH AMERICAN CORPORATION, DAIMLER TRUCKS NORTH AMERICA LLC, GABLE HOFMAN AND KARLA STEFFENSON'S MOTION TO STRIKE AND REPLY IN SUPPORT OF FRCP 12 MOTIONS AGAINST PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>*Oral Argument Requested* |

## **MOTION TO STRIKE**

In opposing Daimler Defendants' FRCP 12 Motions, Plaintiff has submitted his declaration setting forth facts not alleged in the Amended Complaint ("Complaint"). Daimler Defendants move to strike the declaration and the attached exhibit because they present matters outside the pleadings that may not be considered in connection with a motion to dismiss. When resolving a motion to dismiss under FRCP 12(b)(6), the Court is bound to the allegations in the

Page 1 – DAIMLER DEFENDANTS' MOTION TO STRIKE AND
REPLY IN SUPPORT OF FRCP 12 MOTIONS
AGAINST PLAINTIFF'S FIRST AMENDED COMPLAINT

KILMER VOORHEES & LAURICK,P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

pleadings, rather than to matters outside the scope of the pleadings. *Cooper v. Pickett,* 137 F.3d 616, 622-23 (9th Cir. 1998). In the same regard, a plaintiff may not defeat a motion to dismiss by asserting facts that are not contained in its complaint. *Schneider v. Dept. of Corrections*, 151 F.3d 1194, 1197, fn 2 (9th Cir. 1998) (new allegations contained in plaintiff's opposition motion to 12(b)(6) motion are irrelevant; court may not look beyond the complaint to extrinsic evidence or arguments, because they do not constitute pleadings); *see Morgan Distrib. Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992 (8th Cir. 1989) (Plaintiff cannot amend its complaint in opposition to a motion to dismiss). Here, Defendants' motion relies only on the allegations in Plaintiff's Complaint and it is only Plaintiff's response that goes beyond the Complaint. Plaintiff's declaration and exhibit must be stricken.

The declaration and exhibit also fail to meet the exception articulated by Plaintiff – *i.e.*, documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. Resp. p. 6, citing *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405, fn 4 (9th Cir 1996). The court in *In re Stac Electronics* considered the full text of a prospectus attached to defendants' motion to dismiss, which plaintiffs referenced in the complaint, because it was a pre-existing document whose authenticity was not at issue and it was a necessary predicate to make out a claim of misrepresentation. *Id.* at 1401. In contrast, Plaintiff's declaration in this case is not an underlying document referenced in the Complaint. It is a document created by Plaintiff in furtherance of his claims in this case with an attached, unauthenticated document that appears to be incomplete. Dec. of Malcomson and Ex. 1. These are not matters "whose authenticity no party questions." Plaintiff's declaration and the attached exhibit should not be considered in this motion to dismiss.

Page 2 –   DAIMLER DEFENDANTS' MOTION TO STRIKE AND
            REPLY IN SUPPORT OF FRCP 12 MOTIONS
            AGAINST PLAINTIFF'S FIRST AMENDED COMPLAINT

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

# ARGUMENTS

**Motion 1:** **Plaintiff's statutory claims pursuant to ORS Chapter 659A against the Daimler Defendants should be dismissed.**

Daimler Defendants' Motion to Dismiss Plaintiff's statutory claims because Plaintiff has not alleged Daimler Defendants were either his employer or employees of his employer is neither "definitional wordplay" nor a "name game" and is not simply a "technical deficiency" in the Complaint. Resp. pp. 7, 8, 9. Plaintiff argues, in error: (1) analyzing Daimler Defendants under the "right to control" test articulated in *Duke*, Plaintiff has sufficiently alleged a claim for aiding and abetting under ORS 659A.030(g) [Resp. pp. 9-11]; and (2) Plaintiff has sufficiently alleged claims under ORS 659A.030(f) and ORS 659A.199 because Concentra was Daimler Defendants' agents and, therefore, Daimler Defendants are liable for Concentra's violation of those statutes under respondeat superior. Resp. pp. 11-12. Plaintiff's positions are not supported by the statute or by case law and fail to address the prohibition against statutory claims by "joint employers."

Plaintiff was hired by Concentra. Concentra made the decision whether Plaintiff could do the job Concentra hired him to fill. "Generally an employer may discharge an employee at any time and for any reason, absent a contractual, statutory or constitutional requirement." *Patton v. J.C. Penney Co.*, 301 Or. 117, 120, 719 P.2d 854 (1986) *abrogated on other grounds by McGanty v. Staudenraus*, 321 Or. 532, 901 P.2d 841 (1995). Oregon courts have held the statute under which Plaintiff is asserting claims against Daimler Defendants does not apply to "joint" or "indirect" employers. Plaintiff has not argued a contractual or constitutional basis for a claim against Daimler Defendants, and his statutory claim also fails with respect to Daimler Defendants.

### A. No Statutory Claims by Joint or Indirect Employers

Plaintiff has failed to address the prohibition on ORS Chapter 659A statutory claims against "joint employers" or "indirect employers." Oregon courts have considered and rejected the application of the statute to "joint employers" and "indirect employers." *See Ford-Torres v.*

Page 3 – DAIMLER DEFENDANTS' MOTION TO STRIKE AND REPLY IN SUPPORT OF FRCP 12 MOTIONS AGAINST PLAINTIFF'S FIRST AMENDED COMPLAINT

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

*Cascade Valley Telecom, Inc.*, 374 F. App'x 698, 700 (9th Cir. 2010); *see also Radhika Breaden, M.D., M.P.H. v. Kaiser Foundation Health Plan of the Northwest*, 2015 WL 9254617 (Or. Cir. Sept. 14, 2015). This alone requires dismissal of Plaintiff's claims against Daimler Defendants in this case. Plaintiff is attempting to make statutory claims against two different "employers," and in so doing, simply ignores the fact that such a claim falls within the definition of "joint employer" or "indirect employer."

In the Title VII setting, the "indirect employer" theory requires that the employer have "some peculiar control over the employee's relationship with the direct employer" and that the indirect employer engage in "discriminatory interference" with the employee's relationship with their direct employer. *Anderson v. Pacific Maritime Ass'n,* 336 F.3d 924, 932 (9th Cir.2003) (quotations omitted). Additionally, "[t]wo or more employers may be considered 'joint employers' if both employers control the terms and conditions of employment of the employee." *See, e.g., E.E.O.C. v. Pacific Maritime Ass'n,* 351 F.3d 1270, 1275 (9th Cir.2003); *see also* Black's Law Dictionary, 7th Ed. (Joint employment is defined as "[a] job in which the essential terms and conditions of the employee's work are controlled by two or more entities, as when a company hires a contractor to perform a task and retains control over the contractor's employees in matters such as hiring, firing, discipline, conditions of employment, promulgation of work rules, assignment of day-to-day job duties, and issuance of operating instructions."). Under the allegations in Plaintiff's Complaint, Daimler Defendants fit squarely within the definition of either a "joint employer" or an "indirect employer." As such, Plaintiff's stated statutory claims under ORS Chapter 659A against Daimler Defendants are barred.

**B.  Claim under ORS 659A.030(g)**

*Duke* does not support Plaintiff's argument that he has sufficiently alleged a claim under ORS 659A.030(g). *See Duke v. F.M.K. Const. Servs., Inc.*, 739 F. Supp. 2d 1296 (D. Or. 2010). Plaintiff's claim under ORS 659A.030(g) fails because he has not pled ultimate facts showing the Daimler Defendants were his "employer," which he must do. Plaintiff cites *Duke* for the

Page 4 –   DAIMLER DEFENDANTS' MOTION TO STRIKE AND
            REPLY IN SUPPORT OF FRCP 12 MOTIONS
            AGAINST PLAINTIFF'S FIRST AMENDED COMPLAINT

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

proposition that the court should utilize the "right to control" test to determine the scope of "aider and abettor status under ORS 659A.030(g)." Resp., p. 9, citing *Duke*, 739 F. Supp.2d at 1299. "Four factors are relevant to determine whether a putative employer has the right to control an individual: (1) any direct evidence of the right to, or the exercise of, control, (2) the method of payment, (3) the furnishing of equipment, and (4) the right to terminate." *See Cantua v. Creager,* 169 Or. App. 81, 91, 7 P.3d 693 (2000). If a plaintiff fails to plead facts in support of at least several of the four factors, a court may determine as a matter of law that the worker is not an employee. *See Cantua,* 169 Or. App. at 94 (Affirming directed verdict and rejecting plaintiff's argument that she was defendant's employee where "plaintiff presented favorable evidence only as to one of those factors (the method of payment).").

Here, Plaintiff's allegations are insufficient as a matter of law to withstand a motion to dismiss his claim under ORS 659A.030(g) against Daimler Defendants. Plaintiff alleges he was hired by and worked for Concentra and that he had a contractual, economic business relationship with Concentra. Complaint ¶¶ 9, 10, 48. There are no facts alleging that Daimler Defendants paid Plaintiff or supplied equipment to Plaintiff. There are no facts alleging Daimler Defendants had the right to terminate the employment of employees like Plaintiff. In fact, Plaintiff alleges that Concentra terminated Plaintiff. Complaint, ¶¶ 18, 22. Plaintiff's allegation that Daimler Defendants had to direct Concentra to terminate Plaintiff runs counter to the position that Daimler Defendants had the right to terminate Plaintiff.

The only allegations in the Complaint related to Daimler Defendants' supposed direct control of Plaintiff are the following:

12.
Plaintiff undertook to perform his duties consistent with his training as an EMT. Plaintiff soon discovered, via interactions with both his Concentra superiors, Karla Steffenson, Gable Hofman and other Daimler Trucks management that Plaintiff could only provide care and referrals of workplace injuries as directed by Ms. Steffenson.

16.
At the direction of an agent of Concentra, Plaintiff spoke with Gable Hofman and requested a private area onsite at Daimler for a telephone conference. Hofman

Page 5 – DAIMLER DEFENDANTS' MOTION TO STRIKE AND REPLY IN SUPPORT OF FRCP 12 MOTIONS AGAINST PLAINTIFF'S FIRST AMENDED COMPLAINT

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

provided Plaintiff an empty office in which Plaintiff spoke with a Concentra ethics hotline agent about his complaints further on or about November 18, 2014 regarding the matters Plaintiff believed to constitute violations of state and federal laws.

These two allegations alone, both of which articulate actions by not just Daimler Defendants but Concentra as well, are insufficient as a matter of law to support a claim against Daimler Defendants pursuant to ORS 659A.030(g).[1] Plaintiff failed to allege sufficient facts to support the "right to control" test articulated in *Duke* as a matter of law and his claims pursuant to ORS 659A.030(g) should be dismissed.

### C. Claim under ORS 659A.030(f) and ORS 659A.199

Plaintiff cannot maintain direct statutory claims pursuant to ORS 659A.030(f) or ORS 659A.199 against Daimler Defendants under a theory of respondeat superior. Plaintiff argues that because he alleged Concentra was the agent of Daimler Defendants, he can bring direct statutory claims under Chapter 659A against Daimler Defendants. Resp., p. 11. First, Plaintiff's assertion of the legal conclusion that Concentra was Daimler Defendants' "agent" is insufficient alone to establish a claim based on an agency relationship. *See In re Toyota Motor Corp.,* 785 F.Supp.2d 883, 911 (C.D.Cal.2011) (Allegation that a group of defendants were agents of one another, struck from complaint as surplusage, because whether a principal/agent relationship exists is a legal conclusion based on facts about their relationship.).

Second, Plaintiff has failed to allege any facts in support of an agency relationship. Agency is defined as a relationship that "results from the manifestation of consent by one person to another that the other shall act on behalf and subject to his control, and consent by the other so to act." *Vaughn v. First Transit, Inc.*, 346 Or. 128, 135-36, 206 P.3d 181 (2009), citing *Hampton Tree Farms, Inc. v. Jewett,* 320 Or. 599, 617, 892 P.2d 683 (1995). "Control is a concept that embraces a wide spectrum of meanings, but within any relationship of agency the principal

---

[1] Plaintiff sets forth complaints provided by Plaintiff to Concentra, all of which relate to ways in which Daimler Defendants allegedly interfered with Daimler employees. Complaint, ¶ 14. These allegations do not demonstrate "control" of Plaintiff by Daimler Defendants, but rather, Daimler Defendant's interaction with its own employees.

Page 6 –   DAIMLER DEFENDANTS' MOTION TO STRIKE AND
           REPLY IN SUPPORT OF FRCP 12 MOTIONS
           AGAINST PLAINTIFF'S FIRST AMENDED COMPLAINT

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

initially states what the agent shall and shall not do, in specific or general terms. Additionally, a principal has the right to give interim instructions or directions to the agent once their relationship is established." *Id.,* citing *Restatement (Third) of Agency* § 1.01 comment f (2006). The principal's "control" over what the agent shall or shall not do is necessary for an agency relationship, but it is not, on its own, sufficient to create such a relationship. *Id.* "Agency does not result, for example, when an individual (or entity) simply agrees to provide services for another, even if the other person—through contract—is able to establish general standards for performance and in that way 'control' the individual. That individual simply may be a contractor performing services for another, and not an 'agent' at all." *Id.* Even the ability to control in detail another's actions does not alone create an agency relationship. To qualify as an agent, one must also agree to act "on [another's] behalf." *Id.*

On the face of the Complaint, Plaintiff has failed to allege any fact to support a principal/agent relationship between Daimler Defendant and Concentra. To sufficiently allege an agency relationship in this case, Plaintiff must allege: (1) Concentra was subject to Daimler Defendant's control; and (2) Concentra must have been acting on behalf of Daimler Defendants. The only allegation cited by Plaintiff in support of an agency relationship is Paragraph 12 of the Complaint, quoted in its entirety above. This allegation does not create a question of a fact as to the control of Daimler over Concentra or Concentra's assent to act on Daimler's behalf.

The allegation in Paragraph 12 underscores the flaw with Plaintiff's response to this Motion to Dismiss. Usually, a recipient of Concentra's treatment would be making a claim for negligent services and alleging that Daimler Defendants are vicariously liable because Concentra was their agent for the purpose of supplying medical services. In this case, Plaintiff is alleging that his own employer, Concentra, subjected him to an unlawful employment action and is asking this court to allow him to maintain a claim against Daimler Defendants as the principal of Concentra. However, it is not the provision of the medical services – the basis for the alleged

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

underlying principal/agency relationship – that are at issue here. It is the employment relationship, and Concentra's termination of that relationship, that is at issue.

Plaintiff has failed to allege sufficient facts to support a claim that Concentra was the agent of Daimler Defendants and, therefore, Plaintiff's claims under ORS 659A.030(f) and ORS 659A.199 should be dismissed.

**Motion 2:** **Plaintiff's wrongful discharge claim should be dismissed because Plaintiff has an adequate remedy at law.**

Plaintiff has an adequate remedy under his statutory claims against his employer, Concentra. The wrongful discharge claim against Daimler Defendants must be dismissed. A wrongful discharge claim must be brought against an employer. *Schram v. Albertson's, Inc.*, 146 Or. App. 415, 426, 934 P.2d 483 (1997) ("The employment relationship is a necessary element of the tort [of wrongful discharge] and establishes the duty of the employer on behalf of the employee not to violate an established public policy."). Concentra hired Plaintiff and made the decision to terminate Plaintiff's employment. Plaintiff, as alleged in his Complaint, was employed by Concentra.

This Court has already found that retaliation claims under ORS 659A.199 and discrimination claims under ORS 659A.030(f) preclude common law wrongful discharge claims against one's employer based on the same conduct because the statute provides an adequate remedy. *See Tornabene v. Nw. Permanente, P.C.*, 2015 WL 9484483, at *13 (D. Or. Dec. 28, 2015) (A common law wrongful discharge claim and a whistleblower retaliation claim under ORS § 659A.199 cannot be pursued simultaneously), citing *Duran v. Window Products, Inc.*, 2010 WL 6420572, at *5 (D. Or. Dec. 22, 2010), *report and recommendation adopted*, 2011 WL 1261190 (D. Or. Mar. 29, 2011) ("ORS 659A.199 provides an adequate (if not better) remedy [than a common law wrongful discharge claim]); *see also Doby v. Sisters of St. Mary of Oregon Ministries Corp.*, No., 2014 WL 3943713, at *12 (D. Or. Aug. 11, 2014)(A statutory claim for unlawful termination or discrimination based on reporting unlawful practices under ORS

Page 8 – DAIMLER DEFENDANTS' MOTION TO STRIKE AND REPLY IN SUPPORT OF FRCP 12 MOTIONS AGAINST PLAINTIFF'S FIRST AMENDED COMPLAINT

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

659A.030(f) precludes the wrongful discharge claim).  Because Plaintiff already has an adequate remedy under is statutory claims, his wrongful discharge claim should be dismissed.

Plaintiff contends that the appropriate test to determine whether a wrongful discharge claim is precluded is conjunctive: the Defendant must demonstrate both that the provided remedy is adequate <u>and</u> that the legislature intended the statute to abrogate preexisting common law remedies.  Resp. p. 13, citing *Kemp v. Masterbrand Cabinets, Inc.,* 257 Or. App. 530, 307 P.3d 491 (2013).  A federal court sitting in diversity, however, is not bound by the decisions of a state intermediate appellate court if it determines that the state's highest court would reach a different conclusion.  *Wall v. Sentry Ins.*, No., 2015 WL 350683, at *3 (D. Or. Jan. 26, 2015), citing *McCubbrey v. Veninga,* 39 F.3d 1054, 1055 (9th Cir. 1994).  This Court has previously found it was "not convinced that the Oregon Court of Appeals decision in *Kemp* portends the Oregon Supreme Court's direction on this issue."  *Wall,* 2015 WL 350683, at *3-4.  In disagreeing with *Kemp*, the *Wall* Court held "if an adequate statutory remedy exists, a common law wrongful discharge claim based on the same conduct is precluded."  *Id.*, citing *Cantley v. DSMF, Inc.,* 422 F.Supp.2d 1214, 1222 (D. Or. 2006).  Thus, this Court's ruling that an adequate remedy exists under ORS 659A.199 and ORS 659A.030 is sufficient to bar Plaintiff's wrongful discharge claim against Concentra.

Plaintiff goes on to make the argument that the wrongful discharge claim should not be dismissed because joint tort liability applies to this case.  Resp., pp. 14-15.  As discussed above, Plaintiff has alleged that Concentra was his employer and, as such, the wrongful discharge claim can only lie against Concentra.  Plaintiff has cited to no case law where joint liability has been found between an employer and a non-employer for the purposes of a wrongful discharge claim.  Daimler Defendants have located a Washington court case that is instructive in this situation.  *See Awana v. Port of Seattle*, 121 Wash. App. 429, 89 P.3d 291 (2004).  In *Awana,* the Port of Seattle had contracted with plaintiffs' employer to provide services for the Port.  Plaintiffs were terminated shortly after reporting safety violations at the Port and thereafter sued their employer

Page 9 –   DAIMLER DEFENDANTS' MOTION TO STRIKE AND
           REPLY IN SUPPORT OF FRCP 12 MOTIONS
           AGAINST PLAINTIFF'S FIRST AMENDED COMPLAINT

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

and the Port asserting a claim of wrongful discharge in violation of public policy. *Id.* at 432. The *Awana* court rejected extending the claim of wrongful discharge in violation of public policy against a non-employing but affiliated entity. *Id.* at 437. This Court should also dismiss Plaintiff's claim for wrongful discharge against Daimler Defendants.

**Motion 3:** **Plaintiff's intentional interference claims should be dismissed for failure to allege improper means or for improper motive.**

Plaintiff failed to address entirely Daimler Defendants' argument that Plaintiff has not alleged any improper purpose to support a claim for IIER. Resp., pp. 16-18. While Plaintiff has incorporated his prior allegations into his IIER claim, those allegations are insufficient as a matter of law, to support such a claim. The potential allegations that speak to the IIER claim are as follows:

> 18.
> As expressly commanded by Daimler Trucks, Steffenson, Hofman and/or John Doe, Concentra terminated Plaintiff on or about November 21, 2014.
> 19.
> In so doing, Defendants, and each of them, acted in concert toward a common enterprise, to continue with their current practices uninterrupted by the complaints of Plaintiff.
>
> 51.
> The means through which Defendants interfered were improper as they unlawfully retaliated against Plaintiff and the actions were taken solely for the improper motive and purpose of harming Plaintiff's employment relationship with Defendant Concentra with the intent to specifically inflict injury upon Plaintiff.

As discussed in Daimler Defendant's Motion, Plaintiff's allegation that Daimler Defendants interfered with his relationship "for the improper motive and purpose of harming Plaintiff's employment relationship with Defendant Concentra with the intent to specifically inflict injury upon Plaintiff" [Complaint, ¶ 51] is simply a restatement of the elements of the claim. Legal conclusions are not sufficient to sustain a claim. Plaintiff's allegation that Defendants took their actions so they "could continue their current practices uninterrupted by the Complaints of Plaintiff" is also insufficient to support a claim for improper motive or purpose. *See Eusterman*

Page 10 – DAIMLER DEFENDANTS' MOTION TO STRIKE AND REPLY IN SUPPORT OF FRCP 12 MOTIONS AGAINST PLAINTIFF'S FIRST AMENDED COMPLAINT

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

*v. Nw. Permanente, P.C.*, 204 Or. App. 224, 129 P.3d 213 (2006) (Employer's motive to maximize its profits is not improper).

Plaintiff failed to directly address the most procedurally similar case to this one, which was cited in Daimler Defendants' Motion – *McIntire v. Sage Software, Inc.*, 2015 WL 9274301, at *2-3 (D. Or. Sept. 28, 2015), *report and recommendation adopted,* No. 3, 2015 WL 9272884 (D. Or. Dec. 17, 2015). In that case, the court granted a motion to dismiss an employee's claims for IIER against Matrix, a third party leave administrator, which were based on violations of FMLA/OFLA. *Id.* The court held because plaintiff's FMLA/OFLA claims against Matrix were not viable, because Matrix was not governed by those statutes in respect to its relationship with Plaintiff, those same statutes could not furnish the improper means required for an IIER claim against Matrix. *Id.* Therefore, plaintiff's allegation that the administrator violated an "objective, identifiable standard" set forth in those statutes was insufficient to support the element of improper means. *Id.* The court reasoned that a defendant's liability for IIER may not be based on statutory requirements that do not govern that defendant, because "[i]t would contradict common sense for this Court to conclude that [the administrator] could nevertheless be held liable for intentional interference based on the 'improper means' of allegedly violating those self-same statutes." *Id.*

In this case, Plaintiff's IIER claims are based on violations of Chapter ORS 659A and wrongful discharge, neither of which applies to Daimler Defendants. Plaintiff's IIER claim against Daimler Defendants is premised on a non-viable statutory or common-law claim and, therefore, is insufficient as a matter of law. *Id.* It contradicts common sense that Plaintiff could sustain an IIER claim against Daimler Defendants based on underlying statutory and common law claims that do not apply to Daimler Defendants. Plaintiff's IIER claim should be dismissed.

Page 11 – DAIMLER DEFENDANTS' MOTION TO STRIKE AND REPLY IN SUPPORT OF FRCP 12 MOTIONS AGAINST PLAINTIFF'S FIRST AMENDED COMPLAINT

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

**Motion 4:** **If the Court finds there is a question of fact as to whether Daimler Defendants were Plaintiff's employer, Daimler Defendants acknowledge that Motion 4 is moot.**

If this Court concludes that there is a question of fact as to whether Daimler Defendants were Plaintiff's employer, Daimler Defendants acknowledge that Plaintiff may plead theories in the alternative, making Motion 4 moot.

## CONCLUSION

WHEREFORE, for all of the reasons set forth above, the Daimler Defendants respectfully request that the Court dismiss Plaintiff's claims against the Daimler Defendants.

DATED this 11th day of April, 2016.

                                          KILMER VOORHEES & LAURICK, P.C.

                                          */s/ Robert B. Miller*
                                          Robert B. Miller, OSB No. 960068
                                          bobmiller@kilmerlaw.com
                                          Candice R. Broock, OSB No. 025200
                                          cbroock@kilmerlaw.com
                                          Attorneys for Defendants Daimler North American Corporation, Daimler Trucks North America LLC, Gable Hofman and Karla Steffenson

I:\10161\0004\Pleadings\Reply ISO MTD 2016-0411.docx

Page 12 – DAIMLER DEFENDANTS' MOTION TO STRIKE AND REPLY IN SUPPORT OF FRCP 12 MOTIONS AGAINST PLAINTIFF'S FIRST AMENDED COMPLAINT

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290