IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| RONALD MALCOMSON, | Case No. 3:15-cv-02407-SB |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| DAIMLER NORTH AMERICAN CORPORATION, a Delaware Corporation; DAIMLER TRUCKS NORTH AMERICA, LLC, a Delaware Limited Liability Company; CONCENTRA HEALTH SERVICES, INC., a Texas Corporation; GABLE HOFMAN, an individual; KARLA STEFFENSON, an individual; and JOHN DOES (#1-10), individuals, | |
| Defendants. | |

**BECKERMAN, Magistrate Judge.**

Ronald Malcomson ("Malcomson") filed a First Amended Complaint ("FAC") against Daimler North American Corporation, Daimler Trucks North America, LLC (collectively "Daimler NA"), Concentra Health Services, Inc. ("Concentra"), Gable Hofman ("Hofman"), Karla Steffenson

Page 1 - FINDINGS AND RECOMMENDATION

("Steffenson"), and John Does Nos. 1-10, alleging state statutory and common law claims arising from Malcomson's termination following his attempts to report unlawful employment practices.[1] Specifically, Malcomson alleges claims against Daimler NA and Concentra for whistleblower retaliation under Oregon Revised Statutes ("ORS") ¶ 659A.199 (FAC ¶¶ 20-27), and retaliation for opposing unlawful employment practices pursuant to ORS § 659A.030 (FAC ¶¶ 28-35.) In addition, Malcomson alleges claims against all defendants for common law wrongful discharge (FAC ¶¶ 36-42), aiding and abetting employment discrimination in violation of ORS §659A.030(1)(g) (FAC ¶¶ 43-46), and two counts of common law intentional interference with economic relations. (FAC ¶¶ 47-60.)

Concentra filed an Answer to Malcomson's FAC. Daimler NA, Hofman, and Steffenson (collectively, "Daimler Group") filed a motion to dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), for failure to state a claim. The Daimler Group also moved to strike Malcomson's declaration and the exhibit attached thereto, filed in response to its Rule 12(b)(6) motion.

On May 16, 2016, this Court heard oral argument on the Daimler Group's request for dismissal. For the reasons set forth below, this Court grants the Daimler Group's motion to strike, and recommends that the district judge grant in part, and deny in part, the Daimler Group's Rule 12(b)(6) motion.

///

///

---

[1] The Daimler Group removed this case from Multnomah County Circuit Court pursuant to 28 U.S.C. §§ 1332 and 1441. (ECF No. 1.)

# I. BACKGROUND

Concentra hired Malcomson to provide health care services to Daimler NA employees, under a contract for medical care between Daimler NA and Concentra. (FAC ¶¶ 9-10.) Malcomson alleges that Concentra was Daimler NA's agent, and that Concentra and Daimler NA acted in concert toward a common enterprise. (FAC ¶¶ 10, 19.) Malcomson's direct report at Daimler NA was Steffenson. Malcomson alleges that he "could only provide care and referrals of workplace injuries as directed by Ms. Steffenson." (FAC ¶ 12.) Malcomson further alleges that "Daimler [NA]'s workers' medical treatment and referrals were being interfered with by agents of Daimler [NA], namely Ms. Steffenson, in violation of HIPAA and safety regulations and in a discriminatory nature . . . ." (FAC ¶¶ 12-14.) Malcomson alleges that he reported such issues to Daimler NA and Concentra, but he received no "meaningful action." (FAC ¶ 15.) Malcomson alleges that Steffenson, acting as an agent of Daimler NA, engaged in pre-termination adverse employment actions against him. (FAC ¶ 14.)

On November 14, 2014, Malcomson reported his concerns about Steffenson's conduct to Concentra's ethics hotline. (FAC ¶ 15.) Malcomson was directed by an agent of Concentra to speak with Hofman, and to request a private area onsite at Daimler NA for a telephone conference. (FAC ¶ 16.) Hofman provided Malcomson an empty office and, on November 18, 2014, Malcomson again spoke with a Concentra ethics hotline agent about his concern that Steffenson was violating state and federal laws. (FAC ¶ 16.) On that day, Malcomson reported these same concerns to the Federal Office of Civil Rights Department of Health. (FAC ¶ 17.)

Malcomson alleges that, on November 21, 2014, either Daimler NA, Steffenson, Hofman, or a Doe defendant directed Concentra to terminate him, which it did.

///

## II. DISCUSSION

A.   **Motion to Strike**

In addition to filing a response to the Daimler Group's Rule 12(b)(6) motion, Malcomson filed a declaration setting forth facts he did not allege in the FAC. The Daimler Group moves to strike Malcomson's declaration, and the attached exhibit. The Daimler Group argues that the declaration and exhibit are beyond the scope of the limited analysis permitted under Rule 12(b)(6). Malcomson did not oppose the Daimler Group's motion to strike.

   1.   **Legal Standard**

There are two exceptions to the general rule that consideration of extrinsic evidence converts a Rule 12(b)(6) motion to a summary judgment motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), *overruled in part on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002). First, a court may consider material that a plaintiff properly submitted as part of the complaint or, even if not physically attached to the complaint, material necessarily relied upon in the complaint if the authenticity of that material is not challenged. *Id.*; *see also Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) ("[A] document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned."), *overruled on other grounds by Galbraith*, 307 F.3d 1119. Second, under Federal Rule of Evidence 201, a court may take judicial notice of matters of public record. *Lee*, 250 F.3d at 689.

   2.   **Malcomson's Declaration**

With regard to the first exception, the declaration includes a more detailed version of the facts than what Malcomson included in the FAC. As to the second exception, Malcomson did not ask the Court to take judicial notice of the declaration and exhibit, and those materials are not

matters of public record. Thus, the Malcomson declaration and exhibit do not meet any exception that would permit the Court to consider extrinsic evidence. In order for this Court to consider the extrinsic evidence submitted by Malcomson, it must convert the Rule 12(b)(6) motion to a motion for summary judgment, and the Court declines to do so. Accordingly, the Court grants the Daimler Group's motion to strike.

**B.      Motion to Dismiss**

    **1.      Legal Standard**

A well-pleaded complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A federal claimant is not required to detail all factual allegations; however, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." *Id*. While the court must assume all facts alleged in a complaint are true and view them in a light most favorable to the nonmoving party, it need not accept as true any legal conclusion set forth in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, a plaintiff must set forth a plausible claim for relief, a possible claim for relief will not do. *Id*. ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (quotations and citation omitted)). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (*quoting Iqbal*, 556 U.S. at 678).

Page 5 - FINDINGS AND RECOMMENDATION

## 2. ORS § 659A.199 (Retaliation) and ORS § 659A.030(1)(f) (Racial Discrimination)

Malcomson pleads his First Claim for Relief against Daimler NA and Concentra, for whistleblower retaliation in violation of ORS § 659A.199. Section 659A.199 provides that an employer may not "retaliate against an employee . . . for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation." Malcomson alleges that Daimler NA and Concentra terminated him for engaging in the protected activity of reporting "his concerns related to inadequate and improper reporting, treatment, and general handling of injuries occurring at the Facility." (FAC ¶ 21.)

Malcomson pleads his Second Claim for Relief against Daimler NA and Concentra, for racial discrimination in violation of ORS § 659A.030(1)(f).[2] Section 659A.030(1)(f) provides that "an employer may not discharge . . . any other person because that other person has opposed any unlawful practice." Malcomson alleges that his reports of unlawful employment practices were protected activity because he was opposing racial discrimination, and that Concentra terminated him, at the direction of Daimler NA, for engaging in that protected activity. (FAC ¶¶ 29, 30.)

Daimler NA moves to dismiss both of these claims, on the ground that Malcomson "cannot allege the Daimler [NA] Defendants were his employer." (Defs.' Mot. Dismiss 4.) In response, Malcomson contends that his claims under ORS § 659A.199 and ORS § 659A.030(1)(f) are sufficient because although Concentra was Malcomson's "technical" employer, Daimler NA is liable for the acts of Concentra through the theory of respondeat superior. (Pl.'s Resp. 9, 12.)

///

---

[2] Malcomson is directed to amend his Second Claim for Relief to allege clearly which defendant(s) are named in that claim.

Malcomson cannot proceed on his direct Chapter 659A claims against Daimler NA on a theory of respondeat superior, because he may bring those claims only against his "employer." *Duke v. F.M.K. Const. Servs., Inc.*, 739 F. Supp. 2d 1296, 1304-05 (D. Or. 2010); *see also Reyna v. City of Portland*, No. 02–cv-980-JO, 2005 WL 708344, at *7 (D. Or. Mar. 28, 2005) ("[P]laintiff's claims under ORS 659A may be brought only against her employer."). For purposes of Oregon's discrimination laws, the term "employer" "means any person who . . . directly or through an agent, engages or uses the personal service of one or more employees, reserving the right to control the means by which such service is or will be performed." ORS § 659A.001(4). Oregon courts analyze a putative employer's "right to control" an individual using a four-factor test: (1) direct evidence of the right to, or the exercise of, control; (2) the method of payment; (3) the furnishing of equipment; and (4) the right to terminate. *See, e.g.*, *Duke*, 739 F. Supp. 2d at 1303; *Doe v. Holy See*, No. 3:02-cv-430-MO, 2011 WL 1541275, at *4 (D. Or. Apr. 21, 2011).

Daimler argues that Malcomson cannot allege that Daimler NA was his employer, because he has already alleged that Concentra was his employer. As noted by the Daimler Group, it appears that some courts in this district have recognized that Oregon courts have not applied the "joint employer" or "indirect employer" theories of liability in the context of employment discrimination claims. *See Ford-Torres v. Cascade Valley Telecom, Inc.*, No. 06-cv-914-AA, 2008 WL 551503, at *5 (D. Or. Feb. 26, 2008) (noting that "the 'joint employer' theory is not recognized by Oregon state law within the context of employment discrimination claims"), *aff'd*, 374 Fed. Appx. 698 (9th Cir. 2010); *Prychyna v. Barrett Bus. Serv., Inc.*, No. 11-cv-122-HZ, 2011 WL 4498843, at *7 (D. Or. Sept. 27, 2011) (citing *Ford-Torres*). On the other hand, other courts in this district have discussed the "joint employer" theory in connection with Chapter 659A claims, without concluding that

Oregon courts would not recognize such a theory. *See, e.g., McCall v. Oregon*, No. 3:12-CV-00465-PK, 2013 WL 6196966, at *8 (D. Or. Nov. 27, 2013) (discussing plaintiff's joint employer theory of liability as applied to both Title VII and Chapter 659A discrimination claims, but ultimately entering summary judgment on those claims because plaintiff's joint employer theory was not supported by the facts); *Neighorn v. Quest Health Care*, 870 F. Supp. 2d 1069, 1075 n.1 (D. Or. 2012) (denying defendants' motion for summary judgment on plaintiff's ORS § 659A.199 whistleblower retaliation claim, in a case where plaintiff alleged that the two corporate defendants "acted as his joint employers").

In *Ford-Torres*, both the district court and the Ninth Circuit recognized that Oregon courts have not applied joint employer liability to Chapter 659A claims, but neither court cited any Oregon authority holding that joint employer liability does not apply to Chapter 659A claims.[3] Nor has this Court located any such authority. *Cf. Delgado v. Del Monte Fresh Produce, N.A.*, 260 Or. App. 480, 493-99 (2014) (holding that Del Monte could be liable as an "employer" under penalty wage statute in light of special jury verdict finding that Del Monte was a "joint employer" under wage and hour statute, where staffing company was the direct employer and supplied workers to Del Monte).

While Oregon courts have not applied the joint employer doctrine in this context, no court appears to have analyzed whether an Oregon appellate court would apply the doctrine. This Court finds that neither the statutory definition of "employer" in ORS § 659A.001, nor the statutory text of ORS § 659A.199 or ORS § 659A.030, preclude a theory that two entities could have sufficient

---

[3] In the Multnomah County Circuit Court opinion cited by Daimler NA, like in *Ford-Torres*, the court noted that Oregon courts have only applied the indirect employer theory to Employer Liability Law claims, and the joint employer theory only to worker compensation claims, but the court did not analyze whether those theories are also appropriate under Chapter 659A. (Defs.' Mot. Dismiss 5.)

Page 8 - FINDINGS AND RECOMMENDATION

control over an employee to both qualify as "employer." Indeed, Chapter 659A was modeled after Title VII,[4] and courts have consistently recognized joint employer liability for Title VII employment discrimination claims. *See, e.g., E.E.O.C. v. Pac. Mar. Ass'n*, 351 F.3d 1270, 1275 (9th Cir. 2003) ("Two or more employers may be considered 'joint employers' if both employers control the terms and conditions of employment of the employee.") (citation omitted); *Ford-Torres*, 2008 WL 551503, at *5 (discussing joint employer liability under Title VII, as well as other federal employment statutes); *Stewart v. Intem, Inc.*, No. 00-cv-314-HA, 2000 WL 33201873, at *2 (D. Or. Aug. 31, 2000) ("Joint employment is determined from a totality of the circumstances, while considering factors such as authority to hire employees, authority to fire employees, authority to set conditions of employment, day-to-day supervision of employees, and control of employee records such as payroll, insurance, and taxes.").

Based on this Court's reading of the relevant and analogous state and federal case law, Chapter 659A does not, by its statutory text or context, or its interpretation to date, prohibit a plaintiff from alleging that two companies have sufficient control over an employee to be held liable under a "joint employer" theory. Thus, to proceed against both Daimler NA and Concentra on his Chapter 659A claims, Malcomson must allege that both Daimler NA and Concentra were his "employer," and he must allege facts sufficient to satisfy the *Duke* "right to control" test for both Daimler NA and Concentra. If Malcomson alleges that Daimler NA employed Malcomson through its agent, Concentra (*see* ORS § 659A.001(4)(a) (defining employer'" to include "any person who

---

[4] *See Tornabene v. Nw. Permanente, P.C.*, No. 3:14-cv-01564-SI, 2015 WL 9484483, at *10 (D. Or. Dec. 28, 2015) ("The substantive analysis for discrimination under Title VII of the Civil Rights Act (42 U.S.C. § 2000e–2(a)) and ORS § 659A.030(b) is substantially similar, and courts often analyze such claims together."), *citing Pullom v. U.S. Bakery*, 477 F. Supp. 2d 1093, 1100 (D. Or. 2007) ("ORS 659A.030 is modeled after Title VII").

in this state, directly *or through an agent*, engages or uses the personal service of one or more employees, reserving the right to control the means by which such service is or will be performed") (emphasis added), Malcomson must also plead facts to support an agency relationship between Daimler NA and Concentra. *See Viado v. Domino's Pizza*, LLC, 230 Or. App. 531, 533 (2009) (holding that to be an agent, "'(1) the . . . [entity] must be subject to another's control; and (2) the . . . [entity] must act on behalf of the other person.'" (quoting *Vaughn v. First Transit, Inc.*, 346 Or. 128, 135-36 (2009)).

Malcomson requests leave to amend the FAC, should the Court find that he did not plead his claim sufficiently. (Pl.'s Resp. 19.) To determine whether to grant leave to amend the complaint, the Court considers whether the amendment would be unduly prejudicial to the opposing party, whether the request is made in bad faith, or whether the proposed amendment would be futile. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The Court finds that permitting Malcomson to amend his complaint will not result in prejudice to defendants, there is no evidence that Malcomson is acting in bad faith, and amendment does not appear to be futile.

For the reasons discussed, the district judge should dismiss Malcomson's claims under ORS § 659A.199 and § 659A.030(1)(f), with leave to amend.

### 3. ORS § 659A.030(1)(g) (Aiding and Abetting an Unlawful Employment Practice)

Malcomson pleads his Fourth Claim for Relief against all defendants for aiding and abetting an unlawful employment practice in violation of ORS § 659A.030(1)(g). Section 659A.030(1)(g) provides that "[i]t is an unlawful employment practice for an employer or an employee to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this chapter . . . ." Malcomson

alleges that the Daimler Group enticed, aided, abetted, compelled, or coerced Concentra to terminate him after he opposed their unlawful practices. (FAC ¶ 44.)

The Daimler Group argues that Malcomson's aiding and abetting claim fails, because "he has not pled ultimate facts showing . . . Defendants were his 'employer.'" (Defs.' Reply 4.) In response, Malcomson argues that under the *Duke* right-to-control test, he has sufficiently alleged a claim for aiding and abetting under ORS § 659A.030(1)(g). (Pl.'s Resp. 9-10 (citing *Duke*, 739 F. Supp. 2d at 1303).) Alternatively, Malcomson seeks leave to amend.

Based upon the clear language of the statute, an "aiding and abetting" claim may be brought against an individual employee or an employer. *Gaither v. John Q. Hammons Hotels Mgmt., LLC*, No. 3:09-CV-629-MO, 2009 WL 9520797, at *3 (D. Or. Sept. 3, 2009). Specifically, the "aiding and abetting" provision of ORS § 659A.030(1)(g) qualifies the "any person" language with the words "whether an employer or an employee." Additionally, on three prior occasions, courts in this district have held that a party who is neither an employer nor an employee cannot be liable for aiding and abetting under § 659A.030(1)(g). *Duke*, 739 F. Supp. 2d at 1306; *Larmanger v. Kaiser Found. Health Plan of Northwest*, 805 F. Supp. 2d 1050, 1056 (D. Or. 2011); *McIntire v. Sage Software, Inc.*, 3:15-cv-00769-JE, 2015 WL 9274301, at * 3 (D. Or. Sept. 28, 2015).

In *Larmanger*, plaintiff alleged an aiding and abetting claim against the attorneys who represented her health plan employer. The court found that plaintiff's suggested construction would require the court to ignore the phrase "whether an employer or an employee" in the statute. *Larmanger*, 805 F. Supp. 2d at 1056. The court also considered "the fact that other sections of Chapter 659A contain different definitions of 'employee,' some of which specifically include independent contractors, reflects the Oregon Legislature has in those instances defined individuals

and entities against whom a plaintiff may bring a claim under Chapter 659A more broadly than defined in § 659A.030(1)(g)." *Id.* Finally, despite its conclusion that "§ 659A.030(1)(g) is clear and unambiguous on its face," the court noted that the legislative history "does not support [p]laintiff's position." The court in *Larmanger* explained:

> the aiding-and-abetting provision of Chapter 659 originally applied to "any person, whether an employer or an employee, *or not*." Or. Laws 1949, ch. 221, § 5(5)(emphasis added). In 1953 the Oregon Legislature amended the provision and removed "or not" leaving the provision in its current form. Former Or. Rev. Stat. § 659.030(5)(1953). The removal of "or not" obviously suggests the Oregon Legislature intended to narrow the class of individuals and/or entities against whom an individual could bring a claim for aiding or abetting discrimination to employers and employees.

*Id.*

In light of the above, Malcomson has not stated a § 659A.030(1)(g) claim against any Daimler Group defendant, because it has not alleged that Daimler NA was his employer. The district judge should dismiss Malcomson's ORS § 659A.030(1)(g) claim, but with leave to amend to allege that Daimler NA was his employer, and that Hofman and Steffenson were employees of his employer.

### 4. Wrongful Discharge Claim

Malcomson asserts his Third Claim for Relief, common law wrongful discharge, against all defendants. The elements of a wrongful discharge claim are: a discharge of the employee who was fulfilling an important public duty, or exercising a job-related right that reflects on an important public policy. *Arnold v. Pfizer, Inc.*, 970 F. Supp. 2d 1106, 1145 (D. Or. 2013). Malcomson alleges that he was terminated for engaging in the aid of a public duty and fulfilling a societal obligation, by reporting defendants' wrongful conduct, including race discrimination. (FAC ¶¶ 37, 38.) Malcomson's wrongful discharge claim arises from the same conduct alleged in his First Claim

Page 12 - FINDINGS AND RECOMMENDATION

under ORS § 659A.199 (reporting concerns about wrongful conduct), and his Second Claim under ORS § 659A.030(1)(f) (reporting concerns about racial discrimination), and includes similar elements of proof.

The Daimler Group argues that Malcomson's common law wrongful discharge must be dismissed because Malcomson has an adequate remedy under statutory law. (Defs.' Mot. Dismiss 6.) Relying on the Oregon Court of Appeals' decision in *Kemp v. Masterbrand Cabinets, Inc.*, 257 Or. App. 530 (2013), Malcomson responds that the Daimler Group must first establish that an adequate remedy exists *and* that the legislature intended the statute to abrogate the common law. (Pl.'s Resp. 13 (emphasis added).) Alternatively, Malcomson contends that the Daimler Group is liable for wrongful discharge pursuant to a theory of joint tort liability. (Pl.'s Resp. 14-15.)

Courts in this district have consistently held that a common law wrongful discharge claim provides the same remedies as a whistleblower retaliation claim under ORS § 659A.199, and that the two claims may not be pursued simultaneously. *See, e.g., Duran v. Window Prod., Inc.*, No. 3:10-cv-00125-ST, 2010 WL 6420572, at *5 (D. Or. Dec. 22, 2010) ("ORS 659A.199 provides an adequate (if not better) remedy [than a common law wrongful discharge claim]."); *see also Battan v. Allwest Underground, Inc.*, No. 3:08-cv-00707-BR, 2008 WL 4191467, at *6 (D. Or. Sept. 5, 2008) ("Plaintiff's wrongful-discharge claim under Oregon common law is not available because § 659A.030(1)(f) provides adequate remedies to the extent Plaintiff intended to base his claim on wrongful discharge in retaliation for pursuing his right to be free from racial discrimination.").

Nevertheless, Malcomson asserts that a defendant must demonstrate both that the provided remedy is adequate *and* that the legislature intended the statute to abrogate preexisting common law remedies. *Kemp, Inc.*, 257 Or. App. at 537-38 ("[F]or those subsequently enacted statutes to displace

Page 13 - FINDINGS AND RECOMMENDATION

that preexisting common-law claim, they must not only have provided 'adequate' remedies but also have been intended to displace the claim."). On the contrary, courts in this district routinely hold that the applicable test for preclusion of a common law wrongful discharge claim is disjunctive, an adequate remedy *or* legislative intent. *See, e.g.*, *Wall v. Sentry Ins.*, 3:14-cv-1887-SI, 2015 WL 350683, at *3 (D. Or. Jan. 26, 2015) (holding that the test for preclusion of a common law wrongful discharge claim is disjunctive); *Neighbor v. Quest Health Care*, 870 F. Supp. 2d 1069, 1106 (D. Or. 2012) (holding that common law wrongful discharge claim was precluded by available adequate statutory remedy, and that the conjunctive test is "inconsistent with Oregon Supreme Court precedent and an unnecessary expansion of the tort of wrongful discharge"); *Duran v. Window Prod. Inc. (Duran II)*, No. 3:07-cv-125-ST, 2011 WL 1261190, at *2 (D. Or. Mar. 29, 2011) (relying on analysis in *Reid*, and declining to adopt the Oregon Court of Appeals' conjunctive test until the Oregon Supreme Court has clarified the issue); *Reid v. Evergreen Aviation Ground Logistics Enters., Inc.*, No. 3:07-cv-1641-AC, 2009 WL 136019, at *19-20 (D. Or. Jan. 20, 2009) (noting that the Ninth Circuit is in accord with a disjunctive reading and a finding that the wrongful discharge claim is preempted by adequate statutory remedies); *Hull v. Ivey Imaging LLC*, No. 3:08-cv-744-HU, 2008 WL 5071100, at *2-3 (D. Or. Nov. 21, 2008) (holding that the court continues to apply the disjunctive test pending the Oregon Supreme Court speaking more conclusively on the matter); *Adams v. Home Depot USA, Inc.*, 3:05-cv-1798-ST, 2007 WL 4565163, at *29 (D. Or. Dec. 19, 2007) (holding that in light of prior analysis and the lack of contrary persuasive reasons, "this court continues to require *either* a show of adequate statutory remedies or a specific legislative intent to abrogate the common law, but not both") (emphasis in original).

///

Like the plaintiff in *Lovell v. Sky Chefs Inc.*, No. 3:15-cv-00327-SI, 2015 WL 4488026, at *3 (D. Or. July 22, 2015), Malcomson "makes no effort to distinguish this long line of cases" and instead relies "solely on the Oregon Court of Appeals decision in *Kemp* . . . (applying the conjunctive test.)" In accordance with the precedent in this district, including the recent *Lovell* opinion, this Court will continue to apply the disjunctive test, if and until the Oregon Supreme Court reaches a different conclusion. *Id*. As a result, the Court finds that Malcomson has an adequate statutory remedy against the Daimler Group under ORS §§ 659A.199 and 659A.030(1)(f).

For these reasons, the district judge should dismiss Malcomson's wrongful termination claim against the Daimler Group, with prejudice.

**5.  Intentional Interference Claims**

Malcomson pleads his Fifth Claim for Relief for intentional interference with economic relations ("IIER") against all Daimler Group defendants. Specifically, Malcomson alleges that defendants intentionally interfered with his employment relationship with Concentra, and that defendants' intentional interference caused him to lose the opportunity for continued employment with Concentra, and future employment in the medical field. (FAC ¶¶ 48, 49, 58.)

To prevail on an IIER claim, a plaintiff must prove six elements: (1) the existence of a professional or business relationship, (2) intentional interference with that relationship, (3) by a third party, (4) accomplished through improper means or for an improper purpose, (5) a causal effect between the interference and damage to the economic relationship, and (6) damages. *McGanty v. Staudenraus*, 321 Or. 532, 535 (1995). The tort of IIER "serves as a means of protecting contracting parties against interference in their contracts from *outside* parties." *Id*. at 536 (emphasis in original).

The Daimler Group challenges Malcomson's pleading of the "improper means or improper purpose" element.[5]

Specifically, the Daimler Group contends that Malcomson's improper means allegations arise from alleged violations of ORS Chapter 659A, and that Malcomson is unable to assert those statutory claims because the Daimler Group is neither his employer, nor employees of his employer. (Defs.' Mot. Dismiss 7-8; Defs.' Reply 10-11.) The Daimler Group relies on cases from this district holding that an IIER claim may not be premised "on a non-viable statutory or common-law claim." *McIntire*, 2015 WL 9274301, at *3; *see also Witt Co. v. RISO, Inc.*, 948 F. Supp. 2d 1227, 1245 (D. Or. 2013) (dismissing an IIER claim where alleged antitrust violations furnished the improper means and the antitrust claim had been dismissed); *Noel v. Hall*, No. 3:99-cv-649-AC, 2012 WL 3241858, at *14 (D. Or. Apr. 27, 2012) (concluding that improper means necessary for an intentional interference with contractual relations claim could not be furnished by statutory claims that failed as a matter of law).

In response, Malcomson argues that its allegations of improper means or motive are sufficient at this stage of the proceedings. (Pl.'s Resp. 16-17.) Specifically, Malcomson contends that retaliation, even absent an employer relationship, can supply the improper means or motive. (Pl.'s Resp. 17 (citing *Duke*, 739 F. Supp. 2d at 1306-07).) Alternatively, Malcomson argues that IIER can arise if an employee acts outside the scope of employment. (Pl.'s Resp. 18-19.)

With regard to the improper means or purpose element, Malcomson alleges that the Daimler Group instructed Concentra to terminate Malcomson in retaliation for reporting wrongful conduct,

---

[5] The Daimler Group initially also challenged the "third party" element, but have since acknowledged that Malcomson is permitted to argue alternative theories to support his IIER claim. Thus, the Daimler Group abandons their third-party argument as moot. (Defs.' Reply 10.)

with the purpose of ending his employment relationship.[6] (FAC ¶ 51.) This allegation is sufficient to satisfy the improper purpose prong of an IIER claim under Oregon law. *See, e.g.*, *Boers v. Payline Sys.*, 141 Or. App. 238, 243-44 (1996) (holding that allegation that corporate agent intentionally interfered with plaintiff's employment relationship "for the improper purpose to retaliate against plaintiff" was sufficient to permit Oregon intentional interference claim to survive a motion to dismiss); *Duke*, 739 F. Supp. 2d at 1306-07 ("Here, Duke raises allegations of improper purpose that an objectively reasonable juror could conclude were wrongful, i.e., retaliation for filing a workers' compensation claim even though Horizon is not the employer."). For these reasons, the district judge should deny the Daimler Group's motion to dismiss Malcomson's IIER claims.

## IV. CONCLUSION

For the reasons set forth above, the district judge should GRANT, in part, and DENY, in part, the Daimler Group's Motion to Dismiss (ECF No. 8). The Court GRANTS the Daimler Group's Motion to Strike (ECF No. 19).

///

///

///

///

///

///

///

---

[6] Malcomson clarified at oral argument that he would rely on allegations of an improper purpose or motive, rather than allegations of improper means.

## V. SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 3rd day of August 2016.

*Stacie F. Beckerman*
STACIE F. BECKERMAN
United States Magistrate Judge